# 22-951(L)
## 22-1076(XAP)

# United States Court of Appeals for the Second Circuit

COMPASSCARE, a New York nonprofit corporation, NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES, DBA NIFLA, a Virginia corporation, FIRST BIBLE BAPTIST CHURCH, a New York nonprofit corporation,

*Plaintiffs-Appellants-Cross-Appellees*,

v.

KATHY HOCHUL, in her official capacity as the Governor of the State of New York, ROBERTA REARDON, in her official capacity as the Commissioner of the Labor Department of the State of New York, LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,

*Defendants-Appellees-Cross-Appellants*.

On Appeal from the United States District Court for the Northern District of New York

## REPLY BRIEF FOR APPELLEES-CROSS-APPELLANTS

BARBARA D. UNDERWOOD
  *Solicitor General*
GALEN LEIGH SHERWIN
  *Special Counsel*
    *for Reproductive Justice*
ANDREA OSER
  *Deputy Solicitor General*
LAURA ETLINGER
  *Assistant Solicitor General*
    *of Counsel*

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Appellees-Cross-Appellants
The Capitol
Albany, New York 12224
(518) 776-2028

Dated: August 28, 2023

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................ii

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ......................................................................................................... 4

POINT I

    Labor Law § 203-e's Notice Provision Does Not Violate Plaintiffs' Right to Free Speech ....................................................... 4

POINT II

    Labor Law § 203-e's Notice Provision Does Not Violate Plaintiffs' Right to Free Exercise ................................................. 10

CONCLUSION ................................................................................................... 12

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*303 Creative v. Elenis,*
   143 S. Ct. 2298 (2023) ............................................................................... 6

*303 Creative v. Elenis,*
   6 F.4th 1160 (10th Cir. 2021) ................................................................. 5-6

*Church of the Lukumi Babalu Aye v. City of Hialeah,*
   508 U.S. 520 (1993) ................................................................................. 11

*Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations,*
   413 U.S. 376 (1973) ................................................................................... 5

*Slattery v. Hochul,*
   61 F.4th 278 (2d Cir. 2023) .................................................................... 10

*Tandon v. Newsom,*
   141 S. Ct. 1294 (2021) ....................................................................... 11-12

**State Statutes**

Labor Law
   § 203-e .............................................................................................. passim

## PRELIMINARY STATEMENT

Defendants—Governor Kathy Hochul, Attorney General Letitia James, and New York State Department of Labor Commissioner Roberta Reardon—submit this reply brief in further support of their cross-appeal from the district court's judgment granting plaintiffs summary judgment on their claim that the notice provision of Labor Law § 203-e violates plaintiffs' right to free speech, denying defendants summary judgment on that claim, and permanently enjoining enforcement of that provision against all employers state-wide.

As defendants established in their opening brief on their cross-appeal (*i.e.,* their principal-and-response brief), the notice provision does not violate plaintiffs' right to free speech. It merely requires employers that distribute employee handbooks to include in those handbooks factual and accurate information about the workplace protections afforded their employees by Labor Law § 203-e's core provisions, which prohibit employers from discriminating and retaliating against their employees on the basis of personal reproductive health decisions or requiring employees to waive those rights. The notice provision is consistent with long-accepted employer-notification requirements that do not

raise free-speech concerns. And defendants additionally established that plaintiffs' free-exercise challenge to the notice provision necessarily fails because the provision is a neutral, generally applicable law that rationally serves a legitimate state interest.

In response, plaintiffs narrow their free-speech challenge to the notice provision. Rather than support the district court's reasons for granting them summary judgment on their challenge to that provision, they argue that, because § 203-e's core provisions violate their constitutional rights, they cannot be required to notify their employees about those provisions. Plaintiffs' narrowed free-speech challenge is thus now wholly derivative of their challenge to the statute's core provisions; plaintiffs reason that they should prevail on their free-speech challenge to the notice provision because they should also prevail on their challenge to the statute's core provisions. But plaintiffs cannot on this appeal obtain a final judgment in their favor on their challenge to the statute's core provisions, because that challenge is still at the pleadings stage; at most they could persuade this Court to reverse the district court's dismissal of that challenge. And in the absence of a final judgment in their favor on that challenge, plaintiffs cannot prevail here on their

2

wholly derivative free-speech challenge to the notice provision. Thus, plaintiffs' narrowed argument provides no basis to sustain the district court's summary judgment on plaintiffs' challenge to the notice provision. And plaintiffs' free-exercise challenge to the notice provision does not provide an alternative ground to affirm that summary judgment, because the free-exercise challenge lacks merit.

Accordingly, the Court should reverse the district court's summary judgment for plaintiffs on their challenge to the notice provision, along with the permanent injunction the district court entered enjoining the provision's enforcement. And if the Court rejects plaintiffs' appeal and affirms the district court's dismissal of plaintiffs' challenges to § 203-e's core provisions, as defendants urge (*see* Defendants' Principal-and-Response Brief (Defs. Prin. Br.) 20-21, 23-38), then the Court should also reverse the district court's denial of summary judgment to defendants on plaintiffs' challenge to the statute's notice provision, and grant defendants summary judgment on that issue instead.

3

## ARGUMENT

### POINT I

### LABOR LAW § 203-E'S NOTICE PROVISION DOES NOT VIOLATE PLAINTIFFS' RIGHT TO FREE SPEECH

The district court erroneously held that § 203-e's notice provision violated plaintiffs' right to free speech, even though it held that § 203-e's core provisions——its anti-discrimination, anti-retaliation, and no-waiver provisions—could constitutionally be applied to plaintiffs. As defendants previously explained, the notice provision requires only that employers include in employee handbooks, if they choose to distribute such handbooks, a factual and accurate statement of the employee rights and remedies that § 203-e affords. The provision is thus analogous to numerous laws and regulations that require employers to post notices in the workplace or provide other means of advising employees of their workplace rights. And those notice provisions constitute a well-accepted and unremarkable aspect of the government's extensive regulation of the employment relationship and workplace conditions that do not raise free-speech concerns. (Defs. Prin. Br. 47-51.)

Plaintiffs do not dispute these principles. Instead, they take issue with the assertion that the notice provision merely requires them to

4

provide a factual and accurate statement of the employee rights and remedies that § 203-e affords. In their view, because § 203-e's core provisions cannot constitutionally be applied to them, the statement that § 203-e's notice provision requires them to provide is "not factual" but "false." (Plaintiffs' Response-and-Reply Brief (Pls. Resp. Br.) 32, 34.) And they assert that they cannot be compelled "to lie." (Pls. Resp. Br. 4, 7, 30; *see also* Pls. Resp. Br. 32-33 (disputing on this basis defendants' commercial speech analogy, as well as the applicability of caselaw recognizing government authority to require disclosure of factual information incidental to a valid regulation).[1])

---

[1] The Tenth Circuit's decision in *303 Creative v. Elenis*, 6 F.4th 1160 (10th Cir. 2021), *rev'd on other grounds*, 143 S. Ct. 2298 (2023), provides an especially clear example of that caselaw. After rejecting plaintiff's free-speech challenge to the core provision of the State's public accommodation law, which prohibited businesses from denying services on the basis of any protected characteristics, the court held that a separate provision of the law prohibiting businesses from *stating* they would deny services on any such basis (the "communications provision") did not independently violate plaintiff's free-speech rights. *Id.* at 1182-82. Citing *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*, 413 U.S. 376 (1973), among other decisions, the court explained that the State could prohibit speech that promoted unlawful activity. *303 Creative*, 6 F.4th at 1182. While the U.S. Supreme Court reversed the Tenth Circuit and held that application of the core provision of the State's public accommodation law did indeed violate plaintiff's right to free speech, the

(*continued on the next page*)

5

Even plaintiffs' argument that the notice provision is viewpoint-based turns on their claim that they are being forced to express the government's allegedly false view that § 203-e's core provisions apply to them. (Pls. Resp. Br. 33). Plaintiffs insist that their right to free speech entitles them to convey their own view that "their employees' continued employment is contingent on making reproductive health decisions that align with" plaintiffs' anti-abortion message (Pls. Resp. Br. 34), *i.e.,* that the prohibitions in § 203-e's core provisions do not apply to them. And while plaintiffs maintain that the notice provision does not satisfy strict scrutiny, this argument too appears to rest on their argument that a statement that their employees are protected by § 203-e would be false.[2] (*See* Pls. Resp. Br. 34.)

---

Supreme Court noted the plaintiff's acknowledgement, as well as the Tenth Circuit's recognition, that the challenge to the communications provision of the law was wholly derivative of the challenge to the core provision of that law. *See* 143 S. Ct. at 2309 n.1, 2319.

[2] To the extent plaintiffs' brief asserts that § 203-e's notice provision is subject to strict scrutiny merely because it requires employers to engage in some speech (*see* Pls. Resp. Br. 30), the argument lacks merit. The notice provision requires only a factual and accurate statement of employee rights "'incidental'" to a valid regulation of plaintiffs' conduct, *see 303 Creative*, 143 S. Ct. at 2317-18 (quoting *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 61-64 (2006)), as the

(*continued on the next page*)

6

These arguments are beside the point. Defendants have never suggested that, if this Court ultimately were to hold—contrary to the arguments in defendants' principal-and-response brief (at 23-38)—that the protections of § 203-e's core provisions cannot constitutionally be extended to any of plaintiffs' employees, then plaintiffs would still be required to comply with § 203-e's notice provision. Defendants simply maintain that, upon rejecting plaintiffs' challenge to § 203-e's core provisions, the district court erred by nonetheless invalidating the notice provision on free-speech grounds.

Indeed, even if the Court were to find—contrary to the arguments in defendants' principal-and-response brief (at 26-38)—that plaintiffs plausibly pleaded an expressive-association claim, plaintiffs still would not be entitled at this stage of the litigation to any injunction, let alone a permanent one, enjoining enforcement of § 203-e's notice provision. After all, and as defendants previously explained (Defs. Prin. Br. 39-46), a finding that plaintiffs plausibly pleaded an expressive-association claim

---

cases cited by plaintiffs recognize the government may do (Pls. Br. 32). In any event, defendants previously explained how the notice provision satisfies heightened scrutiny. (Defs. Prin. Br. 56-57.)

7

would not entitle them to any relief, let alone the injunction they seek, but rather would merely allow for further proceedings on that claim. And since plaintiffs' challenge to the notice provision is derivative of their challenge to the core provisions, any injunction enjoining enforcement of the notice provision would likewise have to await further proceedings, including record development regarding which, if any, of plaintiffs' employees are in fact engaged in the work of conveying plaintiffs' anti-abortion message.

In fact, plaintiffs now more directly acknowledge that any expressive-association right they enjoy could at most except from the protections of the statute only those employees who "must" promote plaintiffs' anti-abortion message and whose reproductive health decisions could thus be said to "significantly impair" that message. (Pls. Resp. Br. 24, 26-27; *see also* Pls. Resp. Br. 26 (acknowledging such right would not extend to clearly non-expressive positions).) Further, plaintiffs concede that they offered no evidence to establish the specific employment responsibilities of the employees of NIFLA's New York members. (Pls. Resp. Br. 26.) And despite plaintiffs' argument to the contrary (Pls. Resp. Br. 24-27), as to the specific employment responsibilities of

8

CompassCare's and First Bible's employees, plaintiffs offered only conclusory evidence insufficient to establish that the reproductive health care decisions of all of these employees would significantly impair plaintiffs' anti-abortion message.

In sum, because plaintiffs are not entitled at this stage to an injunction for any expressive-association claim, they are not entitled at this stage to an injunction enjoining enforcement of the notice provision based on a free-speech claim that, by plaintiffs' current argument, is wholly derivative of their expressive-association claim.

Moreover, even if an injunction on the notice provision were appropriate, the one issued by the district judge, to all employers statewide, is too broad. Plaintiffs expressly acknowledge (Pls. Resp. Br. 35) that any injunctive relief should be tailored to plaintiffs' as-applied challenge. Thus, any such injunction would have to be based on evidence about plaintiffs and the specific employment responsibilities of their employees, evidence that is not present here.

# POINT II

## LABOR LAW § 203-E'S NOTICE PROVISION DOES NOT VIOLATE PLAINTIFFS' RIGHT TO FREE EXERCISE

As defendants also previously explained (Defs. Prin. Br. 59-60), the district court's judgment invalidating the notice provision and permanently enjoining its enforcement cannot be sustained on the alternate ground, asserted by plaintiffs, that the notice provision violates plaintiffs' right to free exercise.

The notice provision does not violate that right; simply telling employees that they have rights and remedies against workplace discrimination on the basis of personal reproductive health decisions when they in fact have such rights does not unduly burden religious exercise. Plaintiffs nonetheless argue that § 203-e violates their free-exercise right because it requires them to "employ those who cannot credibly promote their faith." (Plaintiffs' Principal Brief 30-31.) But as defendants have explained (Defs. Prin. Br. 23-24), this Court already rejected a free-exercise challenge to that requirement; in *Slattery v. Hochul,* 61 F.4th 278 (2d Cir. 2023), the Court found that any burden imposed on free exercise by § 203-e's core provisions is permissible because those provisions are neutral, generally applicable and have a

10

rational basis. *See id.* at 293. And if the core provisions themselves do not violate plaintiffs' free-exercise right, then telling employees about those provisions cannot violate plaintiffs' free-exercise right either, because doing so imposes no additional burden on religious exercise.

Plaintiffs respond that the notice provision itself lacks general applicability, and that this purported defect requires reinstatement of their free-exercise challenge to the statute as a whole, that is, both its core and its notice provisions. (*See* Pls. Resp. Br. 36-37.) But as defendants previously explained (Defs. Prin. Br. 59-60), the notice provision *is* generally applicable, because it does not create a secular exemption that distinguishes, directly or indirectly, between secular and religious conduct.

In arguing to the contrary, plaintiffs misplace their reliance on *Church of the Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520 (1993). That case is distinguishable because it involved an ordinance that specifically singled out and prohibited religious conduct, while not prohibiting secular conduct that appeared to undermine the government's stated interests. *Id.* at 535-37, 543-45. Likewise, *Tandon v. Newsom*, 141 S. Ct. 1294 (2021) (per curiam), involved government action

11

that treated "comparable secular activity more favorably than religious exercise." *Id.* at 1296.

The notice provision at issue here does not distinguish between secular and religious activity. It distinguishes only between employers who distribute employee handbooks and those who do not, without regard to any secular or religious activity in which employers may engage. The notice provision is thus neutral and generally applicable, for free-exercise purposes. And even if the provision incidentally burdened plaintiffs' religious exercise, any such burden would not warrant the provision's invalidation, because the notice provision is rational. Specifically, the notice provision serves the legitimate purpose of assuring that employers do not mislead their employees about workplace rights by distributing employee handbooks that omit the workplace rights provided by § 203-e. (*See* Defs. Prin. Br. 56, 59-60; Joint Appendix 326-327.)

## CONCLUSION

On plaintiffs' appeal (No. 22-951), the Court should affirm the judgment insofar as it dismissed plaintiffs' free-exercise, free-speech, and expressive-association claims and denied a preliminary injunction with respect to those claims. On defendants' cross-appeal (No. 22-1076), the

Court should reverse the judgment insofar as it granted plaintiffs summary judgment as to the notice provision and entered a permanent injunction enjoining enforcement of that provision, and direct entry of an order awarding summary judgment in defendants favor and dismissing the complaint.

Dated: Albany, New York
August 28, 2023

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Appellees-Cross-Appellants

By: /s/ Laura Etlinger
LAURA ETLINGER
Assistant Solicitor General

BARBARA D. UNDERWOOD
  *Solicitor General*
GALEN LEIGH SHERWIN
  *Special Counsel*
    *for Reproductive Justice*
ANDREA OSER
  *Deputy Solicitor General*
LAURA ETLINGER
  *Assistant Solicitor General*
    *of Counsel*

The Capitol
Albany, New York 12224
(518) 776-2028

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, Laura Etlinger, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 2,317 words and complies with the typeface requirements and length limits of Rule 32(a)(5)-(7) and Local Rule 32.1.



    */s/ Laura Etlinger*