

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

January 5, 2024

Hon. Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    ***CompassCare v. Hochul***
            **Docket Nos. 22-951 (L), 22-1076(XAP)**

Dear Ms. Wolfe:

    I represent the State appellees in the above-referenced appeal, which was argued on December 14, 2023. I am writing to provide the citation to a supplemental authority issued after the briefs in this case were filed. I respectfully request that this letter be submitted to the panel.

    In *McMahon v. World Vision, Inc.*, No. 21-0920, 2023 U.S. Dist. LEXIS 211417 (W.D. Wa. Nov. 28, 2023), the federal district court joined a number of other district courts in holding that the right to freedom of expressive association is not available as a defense to an employment discrimination claim. *See id.* at *55 (citing *Hishon v. King & Spalding*, 467 U.S. 69 (1984) and distinguishing *Boy Scouts of Am. v. Dale*, 530 U.S. 640 (2000)). The court accordingly declined to follow the result in *Slattery v. Hochul*, 61 F.4th 278 (2d Cir. 2023). The court's discussion is relevant to our argument that the right to expressive

association does not extend to the employment context, discussed at pages 31-38 of appellees' principal and response brief, and to the list of citations of decisions in which courts have declined to extend the right to this context found at page 31 n.8 of that brief.

The court in *World Vision* also held, alternatively, that even if the right to expressive association applied in the employment context, it provided no defense in that case because the basis on which the employer had discriminated against the plaintiff (opposition to the plaintiff's same sex marriage) was not the employer's "'very mission.'" *Id.* at 56-57 (quoting *Slattery*, 61 F.4th at 288). On this basis, the court distinguished the facts before it from those presented in *Slattery*. This aspect of the court's discussion is relevant to the argument that any right to freedom of expressive association recognized in the employment context should be limited to only those employers who seek to protect a message that represents the employer's fundamental mission and, thus, that any such right would not preclude enforcement of N.Y. Labor 203-e against First Bible and its affiliates. This argument is discussed at pages 13-22 of the brief of amici New York Civil Liberties Union and American Civil Liberties Union and was raised by appellees at oral argument in support of its argument that dismissal of the expressive association right should be affirmed, even if the court were to find such a right extends to the employment context.

Thank you for your consideration.

Respectfully submitted,

LAURA ETLINGER
*Assistant Solicitor General*
(518) 776-2028

Cc: Counsel of Record
Via ECF

2